[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15181
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:10-cv-02083-RAL-EAJ

RONNIE MICKENS,
GLORIA J. MICKENS,

Plaintiffs-Appellants,

versus

10TH JUDICIAL CIRCUIT COURT,
2ND DISTRICT COURT OF APPEALS,
ALLEN DAMRON,
DEBRA DAMRON,
ALLEN DAMRON CONSTRUCTION COMPANY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 23, 2012)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie and Gloria Mickens, proceeding pro se, appeal the district court's dismissal of their civil rights complaint, 42 U.S.C. § 1983, for lack of subject-matter jurisdiction. No reversible error has been shown; we affirm.

The Mickens' section 1983 suit arose from a dispute over the title to real property.[1] The Mickens purchased an undeveloped piece of land and contracted with Allen Damron Construction Company ("Damron Construction") to build a house on the property. As part of the process of obtaining a construction loan, the Mickens deeded the land temporarily to Damron Construction with the understanding that Damron Construction would transfer the house and the land back to them once the construction was complete. Stewart Title of Polk County, Inc. ("Stewart Title"), Stewart Title Guaranty Company ("Stewart Guaranty"), Edith Rewis, and Elaine Canady were responsible for preparing the quitclaim deed used to transfer the property and for conducting the loan closing. The Mickens

---

[1] The facts and state court procedural history of this case are set out in more detail in our unpublished opinion in Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865 (11th Cir. 2006) (dismissing an earlier, almost identical, complaint filed by the Mickens as barred in part by the Rooker-Feldman doctrine).

later refused to close on the completed house because of disagreements over the quality and cost of the construction. These events led to three state court proceedings in which the state court ruled against the Mickens, including one in which the property was foreclosed upon.[2]

In their section 1983 complaint, the Mickens named these twelve defendants: the Tenth Judicial Circuit of Florida, the Florida District Court of Appeals, Allen Damron, Debra Damron, Damron Construction, Canady, Rewis, Stewart Title, Stewart Guaranty, the Polk County State Attorney, the Polk County Sheriff, and the Polk County Appraiser ("Defendants"). They alleged that Defendants conspired to deprive fraudulently the Mickens of their property, conspired to commit fraud upon the court, and conspired to deprive them of due process, equal protection, and freedom of speech. The Mickens sought to have their property returned, to be awarded money damages, and to have the state court proceedings declared a violation of their federal constitutional rights.

---

[2]In Case No. 1997CA-000455, Damron Construction sued the Mickens, seeking specific performance of the construction contract and their ejectment from the property. In Case No. 1998CA-002977, Stewart Guaranty successfully initiated a foreclosure action. In Case No. 1998CA-001152, the Mickens sued Stewart Title, Canady, and Rewis, challenging the closing procedures of the construction loan.

The district court granted Defendants' motions to dismiss and dismissed the Mickens' complaint with prejudice pursuant to the Rooker-Feldman doctrine.[3] The court also concluded that the Polk County State Attorney and the judges of the Tenth Judicial Circuit of Florida and the Florida District Court of Appeals were entitled to absolute immunity.

On appeal, the Mickens repeat their substantive allegations against Defendants and argue that the Rooker-Feldman doctrine is inapplicable to their case. We review de novo a district court's determination that it lacked subject-matter jurisdiction over a plaintiff's claim in the light of the Rooker-Feldman doctrine. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). In addition, we construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Rooker-Feldman doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (explaining that the doctrine applies to federal claims previously raised and ruled on by a state court and to those claims "inextricably intertwined" with a state court's judgment).

_____

[3]D.C. Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983); Rooker v. Fid. Trust Co., 44 S.Ct. 149 (1923).

Rooker-Feldman bars lower federal-court jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1261 (citation omitted).

We conclude, as did the district court, that the Rooker-Feldman criteria are satisfied. The Mickens were state-court losers in all three state court proceedings. The state court judgments formed the basis of or were intertwined with the injuries complained of in the Mickens' instant complaint: that their loss of ownership and possession of their property, monetary damages, and emotional suffering were the result of fraudulent proceedings. And the state court proceedings had ended before the Mickens instituted the present federal lawsuit in the district court.[4] The Mickens also sought, in effect, to have the district court "review and reject" the state court proceedings because they wanted a declaration that the state court proceedings violated their federal constitutional rights. See Casale, 558 F.3d at 1261.

Although the Mickens do not dispute that the state court proceedings ended before they filed their section 1983 complaint, they argue that the state court

---

[4]The Florida Supreme Court denied review of the first two state court proceedings in 2005; and the state appellate court issued its decision in the third lawsuit on 7 July 2010, more than two months before the Mickens filed the instant complaint on 20 September 2010.

proceedings were based on "fraud upon the court" and, thus, that the judgments were not final for purposes of the Rooker-Feldman doctrine. We reject this argument: nothing evidences that the state court judgments were the product of "fraud upon the court." In fact, the only allegedly fraudulent act the Mickens identify in support of their argument is that the state court consolidated the three related lawsuits but issued three separate judgments against them.

Because we agree with the district court that the Rooker-Feldman doctrine barred the Mickens' present claims, we need not address their remaining arguments about the district court's alternative grounds for dismissal. See Casale, 558 F.3d at 1259 n.1.

AFFIRMED.